IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cr-231

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ) | |
| JOHN RAYMOND HURBAN ) | |
|    a/k/a Marcus Edward Bramhall ) | |
| ) | |

**THIS MATTER** is before the Court upon the defendant's Notice of Appeal and Motion to Revoke Detention Order, pursuant to 18 U.S.C. § 3145(b). (Doc. No. 10).

The defendant was indicted on July 18, 2012, for allegedly making false statements in a passport application in 2008, using a fraudulent Social Security number to obtain a passport, and committing aggravated identity theft. (Doc. No. 9: Indictment). The defendant was detained by a magistrate judge after a hearing on July 12, 2012.[1] (Doc. No. 7: Order). At the hearing, the government proffered that the defendant had lived under an assumed identity since 1988, often traveled internationally, and owned real estate in China. Defense counsel noted the assumed identity was not a vehicle for fraud and that the defendant operated a legitimate business that required international travel. The government provided sworn deposition testimony by the defendant in a civil case which contradicted some of counsel's proffered information. The magistrate judge found that the defendant had lived under an assumed identity since 1988 and falsely claimed the identity was approved by the United States government. Additionally, the magistrate judge found that the defendant owned property in Arizona and China and had used two

---

[1] The hearing was not transcribed, but the Court has reviewed an audio recording of the proceedings. The Court has also considered the Pretrial Services Report which recommends detention.

Social Security numbers, establishing by a preponderance of the evidence that there was a serious risk that the defendant would not appear as required. (Doc. No. 7: Order).

A district court is required to make an independent, de novo determination when acting on a motion to revoke or amend a magistrate judge's pretrial detention order. United States v. Clark, 865 F.2d 1433, 1436 (4th Cir. 1989). However, a district court is not required to hold an additional evidentiary hearing as part of its review. United States v. King, 849 F.2d 485, 489-90 (11th Cir. 1988); United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989). After conducting its independent review, a district court may explicitly adopt the magistrate judge's order without making duplicate findings or may state additional reasons supporting pretrial detention. King, 849 F.2d at 490-91.

Here, the Court has carefully conducted a de novo review of the evidence presented before the magistrate judge and the entire record in this case. The Court finds the magistrate judge's factual findings and legal conclusions were correct. While a defendant is presumed innocent until proven guilty, the proffered evidence against the defendant is strong and he faces a mandatory sentence of imprisonment if convicted. 18 U.S.C. § 3142(g)(2). According to the Complaint Affidavit, (Doc. No. 3), the defendant assumed the false identity after he was charged in 1988 in Tennessee with concealing stolen property and carrying a concealed weapon, demonstrating both the ability and willingness to avoid prosecution. 18 U.S.C. § 3142(g)(3). Additionally, his alleged false statement to law enforcement in May 2012 that he was in the witness protection program weighs against the effectiveness of conditions to assure his appearance as required. His strong family ties in China and alleged use of false identity information increase the chances that he could successfully leave the United States. Thus, the Court adopts the magistrate judge's Order of Detention Pending Trial, (Doc. No. 7), in its

entirety.

**IT IS, THEREFORE, ORDERED** that the defendant's Motion to Revoke the Detention Order (Doc. No. 10) is **DENIED** because the preponderance of the evidence establishes that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: August 6, 2012

Robert J. Conrad, Jr.
Chief United States District Judge